NOT DESIGNATED FOR PUBLICATION

No. 124,388

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID A. BAUGHMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Neosho District Court; DARYL D. AHLQUIST, judge. Opinion filed October 28, 2022. Remanded with directions.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.

PER CURIAM:  David A. Baughman appeals his sentence, asserting the district court incorrectly included a Board of Indigents' Defense Services (BIDS) application fee in the journal entry of judgment and the journal entry reflects the incorrect statutory subsection as the basis of his conviction. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). The State did not respond. Finding the journal entry of judgment differs from the district court's pronouncement from the bench, we remand with instructions to issue a nunc pro tunc journal entry.

1

## FACTUAL AND PROCEDURAL HISTORY

In March 2021, a jury convicted Baughman of two counts of distribution of methamphetamine in the amount of at least 3.5 grams but less than 100 grams, a severity level 2 drug felony, for offenses committed in February 2016. The district court sentenced Baughman to 92 months' imprisonment for each count, with the sentences to run concurrent. At sentencing, the district court explained:

> "Mr. Baughman was convicted by a jury of two counts. The primary offense was distribution of methamphetamine, in violation of K.S.A. 21-5705(a)(1)(c)(1). This is a severity level 2 nonperson drug felony. . . .
>
> . . . .
>
> "Court will order court costs in the amount of $193, a DNA database fee—I will waive the DNA database fee given the fact that he's going to be incarcerated for a lengthy period of time. The Court will order the KBI lab fee in the amount of $400, the booking/fingerprint fee in the amount of $45. The Court will also waive the BIDS application fee and the court-appointed attorney's fees in the amount of $3,900, again, because of the extensive length of the incarceration."

The subsequent sentencing journal entry shows the district court ordered Baughman pay $100 for the BIDS application fee, but it does not reflect that the judge waived the fee. In addition, both the journal entry of judgment and the judge's pronouncement from the bench at sentencing reflect that the jury convicted Baughman of distribution of methamphetamine under K.S.A. 2015 Supp. 21-5705(a)(1)(c)(1), a non-existent subsection. But based on the *language* of the complaint, instructions, and the journal entry, the jury convicted Baughman of distribution of methamphetamine, K.S.A. 2015 Supp. 21-5705(a)(1)—a severity level 2 drug felony, K.S.A. 2015 Supp. 21-5705(d)(3)(C).

2

Baughman timely appeals, noting these discrepancies.

ANALYSIS

"Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." K.S.A. 2021 Supp. 22-3504(b). Baughman properly points out two errors that apparently eluded the judge, the prosecutor, and Baughman's counsel.

First, a district judge's oral pronouncement of a sentence controls over a conflicting written journal entry. Any journal entry that varies from a judge's oral pronouncement during sentencing is a clerical error that the court may correct at any time *State v. Edwards*, 309 Kan. 830, 835-36, 440 P.3d 557 (2019).

Here, the journal entry of judgment fails to reflect that the court waived the BIDS application fee, as allowed by K.S.A. 2021 Supp. 22-4529. The journal entry must reflect the judge's order from the bench.

The journal entry also reflects the incorrect statutory subsection as the basis of Baughman's conviction. But with this error, the journal entry of judgment and the judge's pronouncement from the bench at sentencing both convey that the jury convicted Baughman of distribution of methamphetamine under K.S.A. 2015 Supp. 21-5705(a)(1)(c)(1). But such statutory subsection does not exist. To add to the confusion, although the original complaint alleges that Baughman violated K.S.A. 2011 Supp. 21-5705(a)(l)(c)(l), the first amended complaint alleges a violation of K.S.A. 2011 Supp. 21-5705(a)(l)(d)(5)(B) and the second amended complaint alleges a violation of 2011 Supp. 21-5705(a)(l)(c)(l). So even though the State appears to have toyed with the statutory citations several times, none of these statutory subsections exist as cited. The correct

3

statutory subsection for Baughman's crime of conviction (distribution of methamphetamine) is K.S.A. 2015 Supp. 21-5705(a)(1), with the severity level assigned at K.S.A. 2015 Supp. 21-5705(d)(3)(C)—a severity level 2 drug felony. The prior version of the statute, K.S.A. 2010 Supp. 21-36a05 contained the violation at subsection (a)(1) and the severity level at subsection (c)(1). No one seems to have noticed these errors, perhaps because the actual description of the conduct constituting the violation has always been consistent and the base statutory violation, K.S.A. 2015 Supp. 21-5705(a)(1), is correct. Baughman does not allege any prejudice from the incorrect statutory references. "Error in the citation or its omission shall be not ground for dismissal of the complaint, information or indictment or for reversal of a conviction if the error or omission did not prejudice the defendant." K.S.A. 22-3201(b).

For these reasons, we must remand Baughman's case to the district court with instructions to issue a nunc pro tunc journal entry noting the assessment but waiver of the $100 BIDS application fee and the proper statutory subsection that is the basis for Baughman's convictions of Count 1 and Count 3.

Remanded with directions.